841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marie ECKENRODE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of the Department of Health and
Human Services, Defendant-Appellee.
 No. 87-3123.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before NATHANIEL R. JONES, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Marie Eckenrode ("Eckenrode"), appeals the denial by the Secretary of disability insurance and supplemental security income benefits. Eckenrode claimed that she is disabled due to systemic lupus and that the Administrative Law Judge's finding to the contrary is not supported by substantial evidence. For the reasons that follow, we affirm.
 
 
 2
 The ALJ determined that Eckenrode did have a severe impairment within the meaning of the Social Security Act but that it was not equal to the severity of any impairment listed in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1. The ALJ therefore went on to determine whether, in spite of the severe impairment, Eckenrode had the residual functional capacity to perform her past work. Based upon the clinical findings, primarily those of Dr. Luzar, which indicated no more than moderate pain and limitations, the ALJ determined that Eckenrode retained the residual functional capacity to perform her past work. Further, the ALJ determined that "the preponderance of the evidence shows that the claimant's allegations of pain and limitations of such severity as to preclude medium level work activities are not credible."
 
 
 3
 In disputing the Magistrate's finding that there was substantial evidence to support the Secretary's decision to affirm the ALJ, Eckenrode relies primarily upon the diagnosis of her treating physician, Dr. Stechszulte. Eckenrode notes that the opinion of her treating physician is entitled to substantial deference when it is supported by objective medical evidence. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). We noted in King, however, that the treating physician's opinions with regard to disability as opposed to a medical diagnosis are not binding.
 
 
 4
 Eckenrode's impairments did not meet or equal a listed impairment and she does not seriously contest this finding. The question fur resolution is whether substantial evidence supports the ALJ's conclusion that Eckenrode can perform her past relevant work activity as a press operator and related activity, and further whether the ALJ improperly rejected Eckenrode's complaints of pain.
 
 
 5
 Dr. Myung Cho conducted a residual functional capacity assessment of Eckenrode and determined that she retained the maximum capacity to lift 50 pounds and to stand or walk a total of about six hours per eight hour day. He found no x-ray abnormalities, tenderness in all joints, or swelling at her knees. In sum, he found her to be limited to medium work. Another reviewing physician, Edmond Gardner, concurred in Dr. Cho's residual functional capacity assessment.
 
 
 6
 In June of 1985, Eckenrode's treating physician, Dr. Stechsculte, reported that Eckenrode suffered from systemic lupus and as a result could not perform heavy work. In August of 1985, Eckenrode's treating physician, in a letter to her attorney, stated that he felt she does have systemic lupus based upon her joint pain and positive antinuclear antibody test and is therefore disabled.
 
 
 7
 Dr. Stechsculte's diagnosis of lupus has been disputed by Dr. Luzar and Dr. Young. While Dr. Luzar found that Eckenrode most likely has arthralgias (pain and swelling in joints), and while she did have a positive antinuclear antibody, follow-up serologies were insufficient to confirm a diagnosis of systemic lupus. While he felt that she would not be a candidate for heavy labor, he did believe she could do work related activities such as sitting, standing, moving about, lifting objects under five or ten pounds, hearing, speaking, and traveling. Dr. Young's report concurred with the finding of Dr. Luzar that the history of positive antinuclear antibody without other positive serologies did not support a diagnosis of systemic lupus. Dr. Young, after extensive laboratory work and testing, did note hypermobility syndrome, which involves the increased range of movement of joints, occurring normally in young children or as a result of disease.
 
 
 8
 Dr. George Pugh, an eye specialist, conducted an examination of Eckenrode and concluded on the basis of the examination alone, that he could not define any significant disability. While he states his feeling that plaintiff suffers from lupus, his diagnosis is extraneous to the purpose of his treatment of Eckenrode. The ALJ was entitled to give his viewpoint less weight than the diagnoses of the rheumatologists, Dr. Luzar and Dr. Young.
 
 
 9
 In sum, then, the medical evidence is conflicting, and there is substantial evidence in support of the ALJ's determination that Eckenrode retained the residual functional capacity to perform past relevant work. Her past relevant work included that of switchboard operator and supervisor, which were properly determined to be within her capacity based upon the reports of Drs. Cho and Gardner.
 
 
 10
 Eckenrode does not dispute that the determination of the credibility of her testimony regarding pain is within the domain of the ALJ. Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir.1981). There must be some underlying medical basis for subjective complaints of pain. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). The ALJ clearly considered the testimony of Eckenrode and determined that while Eckenrode did indicate moderate pain and limitations, her pain was not sufficient to preclude medium work activity.
 
 
 11
 The decision of the magistrate is accordingly AFFIRMED.